Taylor v New Jersey Tr. Corp. (2021 NY Slip Op 06462)





Taylor v New Jersey Tr. Corp.


2021 NY Slip Op 06462


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 154419/19 Appeal No. 14515 Case No. 2021-00847 

[*1]Robin Taylor, Plaintiff-Respondent,
v
New Jersey Transit Corporation, Defendant-Appellant, Guardian Service Industries, Inc., et al., Defendants.


Ruprecht, Hart, Ricciardulli & Sherman, LLP, New York (Jessica M. Anderson of counsel), for appellant.
Monaco & Monaco, LLP, Brooklyn (Frank A. Delle Donne of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered December 9, 2020, which denied defendant New Jersey Transit Corp.'s motion to dismiss the complaint as against it under the doctrine of sovereign immunity, unanimously affirmed, without costs.
We adhere to our prior holdings in Fetahu v New Jersey Transit Corp. (197 AD3d 1065 [1st Dept 2021]); Belfand v Petosa (196 AD3d 60 [1st Dept 2021]); and Henry v New Jersey Tr. Corp. (195 AD3d 444 [1st Dept 2021]), and conclude that, here too, New Jersey Transit (NJT) waived its sovereign immunity defense.[FN1]
On April 30, 2019, plaintiff filed a verified complaint alleging that she was injured on May 13, 2018 when she tripped on the gap between the train and station platform at Pennsylvania Station while exiting a NJT train because of, inter alia, NJT's negligence.
On June 24, 2019, NJT and defendant Amtrak submitted a combined answer that contained 36 affirmative defenses, and cross claims for contribution and indemnification, but no sovereign immunity defense. On July 10, 2020, NJT submitted a motion seeking dismissal based on sovereign immunity.
We find that NJT's conduct during its nearly 15-month delay in moving for dismissal on sovereign immunity grounds was sufficient to constitute waiver (cf. Belfand, 196 AD3d at 72). During this period, NJT requested an extension of its time to answer, which was granted on consent. In June 2019, NJT served with its answer a combined notice for discovery, inspection and deposition. In May 2020, plaintiff responded by serving her bill of particulars, complying with NJT's discovery demands, and executing numerous HIPAA authorizations. NJT also participated in a June 15, 2020 compliance conference where it consented to a case scheduling order directing depositions, without raising a defense of sovereign immunity. NJT's cross claims against its codefendants for contribution and indemnification evinced its intent to fully litigate in New York courts this matter on its merits.
As in Belfand, plaintiff's claim is now time-barred in New Jersey through no fault of her own (see Belfand, 196 AD3d at 73). Since plaintiff alleged that she was injured on May 13, 2018, the statute of limitations expired under New Jersey law on May 13, 2020 (NJ Stat Ann § 59:8-8[b]). NJT did not move for dismissal on sovereign immunity grounds until nearly two months after the statute of limitations had run.
NJT now seeks to pivot on the Supreme Court's decision in Franchise Tax Bd. of California v Hyatt (- US -, 139 S Ct 1485 [2019]), which was issued on May 13, 2019, more than one month before NJT answered the complaint. We have previously noted the vintage of the sovereign immunity defense and rejected the argument that NJT could not have raised a sovereign immunity defense before Hyatt was decided (see Fetahu, 197 AD3d at 1065-1066; Belfand, 196 AD3d at 72-73). Here, Hyatt and its reasoning were available to NJT at the time of its answer. Under the totality of these circumstances[*2], NJT's litigation conduct in this action should be deemed an "affirmative invocation of our courts' jurisdiction" that effected a waiver of its sovereign immunity (Belfand, 196 AD3d at 73; accord Henry, 195 AD3d at 445). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021



Footnotes

Footnote 1: The motion court should not have concluded, however, that New Jersey Transit consented to suit in sister courts by way of the New Jersey Tort Claims Act (see Belfand, 196 AD3d at 69).